

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUVENCIO GOMEZ-ZARAGOZA,<br><br>Defendant. | Case No.: **18MJ8630-PCL**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142 the Bail Reform Act of 1984 (18 U.S.C. § 3141, *et seq.*), this Court conducted a detention hearing on May 2, 2018, to determine whether Juvencio Gomez-Zaragoza ("Defendant") should be held in custody pending trial based on risk of flight. Assistant United States Attorney Rosario T. Gonzalez appeared on behalf of the United States. Attorney Jo Anne Tyrell appeared on behalf of the defendant.

Based on the evidence proffered by the United States and Defendant, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required.

1

# I
# FINDINGS OF FACT

**A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):**

Defendant is charged by Complaint with transportation of illegal aliens, a felony, in violation of 8 U.S.C. § 1324. While there is not a rebuttable presumption of detention, Defendant faces a significant amount of time in custody which may entice him to flee.

**B. Weight of the Evidence Against Defendant (18 U.S.C. § 3142(g)(2)):**

Although this factor is to be given the least weight, there is probable cause to believe that Defendant committed the charged offense, and there is strong evidence against Defendant as set forth in the Complaint. This factor weighs in favor of detention.

**C. History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3)):**

1. **Character:** Defendant is a 34-year-old Mexican citizen with no legal right to enter or remain in the United States. There is insufficient evidence about Defendant's character to weigh either for or against detention. This factor will be treated as neutral.

2. **Physical and Mental Condition:** Defendant did not present information on either physical or mental health conditions that weigh either for or against detention. The Court views this factor as neutral.

3. **Family Ties:** Defendant has some family ties in the United States as evidenced by relatives that reside in Pacoima, California. Therefore, Defendant's family ties weigh in favor of bail.

4. **Employment:** Defendant did not present any appreciable work history in the United States that would weigh in favor of bail. Due to the fact that Defendant does not appear to have a verifiable employment history, this factor weighs in favor of detention.

5. **Financial Resources:** There is no indication Defendant has any financial resources in the United States. This factor weighs in favor of detention.

6. **Length of Residence in the Community:** Defendant reports he currently resides in Pacoima, California but does not appear to possess Lawful Permanent Resident Status or any legally valid document that would allow him to reside in the country legally.

Further, Defendant is pending removal proceedings in the country. This factor weighs in favor of detention.

7. **Community Ties and Past Conduct:** Defendant's community ties and past conduct are neutral factors for detention, as these considerations are duplicative of the reasoning stated above.

8. **History Relating to Drug or Alcohol Abuse:** There was no evidence presented that Defendant has a history of drug and/or alcohol abuse, however, Defendant's criminal history includes two convictions for driving under the influence of alcohol or drugs sustained in 2007 and 2009. This factor weighs in favor of detention.

9. **Criminal History:** Defendant has a lengthy criminal history including four state convictions for reckless driving on a highway in 2006, driving without a license in 2006, and driving under the influence of alcohol or drugs in 2007 and 2009. Moreover, Defendant has been deported or removed from the United States once before, on May 9, 2017. This factor weighs in favor of detention.

10. **Record Concerning Appearance at Court Proceedings and On Probation, Parole, or Other Release:** There was insufficient evidence presented either for or against detention. This factor will be treated as neutral.

II

## CONCLUSIONS REGARDING DETENTION

Based on consideration of the factors set forth in 18 U.S.C. § 3142(g), the Government has met its burden of demonstrating by a preponderance of the evidence that Defendant is a flight risk and that no condition or combination of conditions will reasonably assure Defendant's appearance at future court proceedings in this case. 18 U.S.C. § 3142(f)(2).

III

## ORDERS

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and Government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 5/2/18

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

Prepared by:

ADAM L. BRAVERMAN
United States Attorney


/Rosario T. Gonzalez
ROSARIO GONZALEZ
Assistant U.S. Attorney

cc:   Jo Anne Tyrell
      Federal Defenders